**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | |
|---|---|
| **CHRIS JOHNSON, Individually and For Others Similarly Situated,** | **Case No. 7:20-cv-00046** |
| **v.** | **JURY TRIAL DEMANDED** |
| **TRANSGLOBAL SERVICES, LLC.** | **COLLECTIVE ACTION** |

## COMPLAINT

### SUMMARY

1.      Transglobal Services, LLC (Transglobal) failed to pay Chris Johnson (Johnson) and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2.      Instead, Transglobal paid Johnson and other workers like him the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or "straight time for overtime").

3.      Johnson brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA.

### JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Transglobal operates in this District and Division.

6.      Johnson worked for Transglobal in this District in Midland County, Texas.

### THE PARTIES

7.      Johnson worked as a Surveyor from approximately January of 2017 to October of 2019.

8.      During the relevant time period, Transglobal paid Johnson the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation.

9.      His written consent is attached herein as Exhibit A.

10.      Johnson brings this action on behalf of himself and other similarly situated workers who were paid by Transglobal's "straight time for overtime" system.

11.      The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All individuals working for or on behalf of Transglobal who were paid straight time for overtime in the past 3 years (the "Straight Time Workers").**

12.      Johnson seeks conditional and final certification of this Putative Class in this collective action under 29 U.S.C. § 216(b).

13.      Transglobal may be served with process by serving its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900, Fort Worth, TX 75201.

## COVERAGE UNDER THE FLSA

14.      At all times hereinafter mentioned, Transglobal was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15.      At all times hereinafter mentioned, Transglobal was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16.      At all times hereinafter mentioned, Transglobal was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment – that have been moved in or produced for commerce.

2

17.     At all relevant times, Transglobal had an annual gross volume of sales made in excess of $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

18.     At all times hereinafter mentioned, Johnson and the Straight Time Workers were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

## FACTS

19.     Transglobal is a field service provider in the energy industry. Specifically, it provides services to right-of way, seismic, mapping, pipeline, and land projects.

20.     In order to provide services to its clients, Transglobal hires employees it pays on an hourly basis.

21.     Johnson worked for Transglobal as a Surveyor.

22.     As a Surveyor, Johnson was responsible for surveying land throughout Texas and Oklahoma to map proposed oil and natural gas pipelines.

23.     Johnson was paid $40 an hour for every approved hour worked.

24.     Johnson was employed by Transglobal from approximately January 2017 to October 2019.

25.     Johnson was an hourly employee of Transglobal.

26.     Johnson was not paid a guaranteed salary.

27.     Johnson reported the hours he worked to Transglobal on a regular basis.

28.     If Johnson worked under 40 hours, he was only paid for the hours he worked.

29.     But Johnson would regularly work more than 40 hours in a week.

30.     In fact, Johnson routinely worked 70 to 80 hours a week.

31.     The hours Johnson worked are reflected in Transglobal's payroll records.

32.     Transglobal paid Johnson the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

33.     Transglobal did not pay Johnson overtime for all hours worked in excess of 40 hours in a single workweek.

34.     Rather than receiving time and half as required by the FLSA, Johnson only received "straight time" pay for overtime hours worked.

35.     This "straight time for overtime" payment scheme violates the FLSA.

36.     Transglobal was aware of the overtime requirements of the FLSA.

37.     Transglobal nonetheless failed to pay certain hourly employees, such as Johnson, overtime.

38.     The work Johnson performed was an essential part of Transglobal's core business.

39.     During Johnson's employment with Transglobal while he was classified as an independent contractor, Transglobal exercised control over all aspects of his job. Transglobal did not require any substantial investment by Johnson for him to perform the work required of him.

40.     Transglobal paid Johnson through a staffing company to the corporation he was instructed to set up.

41.     Transglobal determined Johnson's opportunity for profit and loss.

42.     Indeed, Transglobal controlled all the significant or meaningful aspects of the job duties performed by Johnson.

43.     Transglobal ordered the hours and locations Johnson worked, tools used, and rates of pay received.

44.     Transglobal controlled all aspects of Johnson's job activities by enforcing mandatory compliance with Transglobal's policies and procedures.

45.     No real investment was required of Johnson to perform his job. More often than not, Johnson utilized equipment provided by Transglobal to perform his job duties.

46.     Johnson and the Straight Time Workers carry out the hands-on, day-to-day production work of Transglobal.

47.     Johnson did not provide the equipment he worked with on a daily basis.

48.     Transglobal made the large capital investments in buildings, machines, equipment, tools, and supplied in the business in which Johnson worked.

49.     Johnson did not incur operating expenses like rent, payroll, and marketing.

50.     Johnson was economically dependent on Transglobal during his employment.

51.     Transglobal set Johnson's rates of pay, his work schedule, and prohibited him from working other jobs for other companies while he was working on jobs for Transglobal.

52.     Transglobal directly determined Johnson's opportunity for profit and loss. Johnson's earning opportunity was based on the number of days Transglobal scheduled him to work.

53.     Very little skill, training, or initiative was required of Johnson to perform his job duties.

54.     Indeed, the daily and weekly activities of the Straight Time Workers were routine and largely governed by standardized plans, procedures, and checklists created by Transglobal.

55.     Virtually every job function was pre-determined by Transglobal, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

56.     Johnson and the Straight Time Workers also worked similar hours and were denied overtime because of the same illegal pay practice.

57.     Johnson and the Straight Time Workers regularly worked in excess of 40 hours each week.

58.     Transglobal did not pay Johnson and the Straight Time Workers on a salary basis.

59.     Transglobal paid Johnson and the Straight Time Workers "straight time for overtime."

60.     Transglobal failed to pay Johnson and the Straight Time Workers overtime for hours worked in excess of 40 hours in a single workweek.

61.     Transglobal knew, or acted with reckless disregard for whether, Johnson and the Straight Time Workers were paid in accordance with the FLSA.

62.     Transglobal's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## FLSA VIOLATIONS

63.     Johnson incorporates all preceding paragraphs.

64.     By failing to pay Johnson and the Straight Time Workers overtime at one-and-one-half times their regular rates, Transglobal violated the FLSA's overtime provisions.

65.     Transglobal owes Johnson and the Straight Time Workers overtime pay at the proper overtime rate.

66.     Because Transglobal knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Transglobal owes these wages for at least the past three years.

67.     Transglobal is liable to Johnson and the Straight Time Workers for an amount equal to all unpaid overtime wages as liquidated damages.

68.     Johnson and the Straight Time Workers are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## COLLECTIVE ACTION ALLEGATIONS

69.     Johnson incorporates all preceding paragraphs.

70.     The illegal pay practices Transglobal imposed on Johnson were imposed on the Straight Time Workers.

71.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

72.     Numerous other individuals who worked with Johnson were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

73.     Based on his experiences and tenure with Transglobal, Johnson is aware that Transglobal's illegal practices were imposed on the Straight Time Workers.

74.     The Straight Time Workers were not paid overtime when they worked more than 40 hours per week.

75.     Transglobal is the true employer of Johnson and the Straight Time Workers.

76.     Transglobal's failure to pay overtime at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Straight Time Workers.

77.     Johnson's experiences are therefore typical of the experiences of the Straight Time Workers.

78.     The specific job titles or precise job locations of the various members of the Straight Time Workers do not prevent collective treatment.

79.     Johnson has no interest contrary to, or in conflict with, the Straight Time Workers.

80.     Like each Straight Time Worker, Johnson has an interest in obtaining the unpaid overtime wages owed under federal law.

81.     The precise size and the identity of other Straight Time Workers is ascertainable from the business records, tax records, and/or employee or personnel records maintained by Transglobal.

82.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

83.     Absent a collective action, many Straight Time Workers will not obtain redress of their injuries and Transglobal will reap the unjust benefits of violating the FLSA.

7

84.     Furthermore, even if some Straight Time Workers could afford individual litigation against Transglobal, it would be unduly burdensome to the judicial system.

85.     If individual actions were required to be brought by each Straight Time Worker, it would necessarily result in a multiplicity of lawsuits and would create hardship to the Straight Time Workers, to Transglobal, and to the Court.

86.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Straight Time Workers and provide for judicial consistency.

87.     The questions of law and fact common to each of Straight Time Workers predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a.     Whether Transglobal required Johnson and the Straight Time Workers to work more than 40 hours during individual work weeks;

    b.     Whether Transglobal's decision to pay Johnson and the Straight Time Workers straight time for overtime was made in good faith;

    c.     Whether Transglobal paid Johnson and the Straight Time Workers on a salary basis;

    d.     Whether Transglobal failed to pay Johnson and the Straight Time Workers at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single workweek;

    e.     Whether Transglobal's violation of the FLSA was willful; and

    f.     Whether Transglobal's illegal pay practices were applied to Johnson and the Straight Time Workers.

88.     Johnson and the Straight Time Workers sustained damages arising out of Transglobal's illegal and uniform employment policy.

89.     Johnson knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

90.     Johnson will fairly and adequately represent and protect the interests of the Straight Time Workers.

91.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

### JURY DEMAND

92.     Johnson demands a Jury trial.

### PRAYER

93.     Johnson prays for relief as follows:

a.      An order allowing this action to proceed as a collective action under the FLSA and directing notice to the Straight Time Workers;

b.      A judgment finding Transglobal liable to Johnson and the Straight Time Workers for unpaid overtime and an equal amount as liquidated damages;

c.      An order awarding attorneys' fees, costs, expenses, and judgment interest; and

d.      An award of such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
**Michael A. Josephson**
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**